# In the United States Court of Federal Claims

No. 23-972
Filed: July 18, 2023

| | |
|---|---|
| **JAMIE BURKE,** | |
| *Plaintiff*, | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant.* | |

### ORDER DISMISSING COMPLAINT

To proceed in this Court, a plaintiff must either pay $402.00 in fees or request authorization to proceed without prepayment of fees by applying to proceed *in forma pauperis* ("IFP application"). *See* 28 U.S.C. §§ 1914, 1915. Pro se plaintiff Jamie Burke ("Ms. Burke") failed to do either, (*see* Compl., ECF No. 1), despite an Order on June 28, 2023, when the Court directed Ms. Burke to either submit a completed IFP application or pay the filling fee in full on or by July 12, 2023. (ECF No. 6). Therefore, the Court hereby **DISMISSES** the Complaint pursuant to RCFC 41(b).

Even if Ms. Burke paid the requisite fees or was granted *in forma pauperis* status, the Court would dismiss her Complaint for lack of subject-matter jurisdiction. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Tucker Act provides this Court with jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). Pro se pleadings are read more liberally than those prepared by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), however, pro se plaintiffs must still meet their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Ms. Burke's Complaint seeks $1 million for herself and another $1 billion for the government due to alleged fraud and a litany of other claims. (Compl. Ex. 1 at 2,4, ECF No. 1-1).[1] When read liberally, Ms. Burke's Complaint claims Valley Vista Care of Idaho and its staff engaged in Medicaid and Medicare fraud and embezzlement. (*Id.* at 2). She also alleges "federal

---

[1] Ms. Burke's handwritten allegations found at Compl. Ex. 1 at 11–18 are identical to those in *Burke v. United States*, Case No. 23-961.

whistleblower retaliation" that resulted in losing custody of her children and that the state of Idaho is committing treason with Russia. (*Id.* at 4, 9–10).

It is well-established that this Court can only hear claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *e.g. Francis v. United States*, Case No. 21-770C, 2019 WL 4784824, at *2 (determining no subject-matter jurisdiction over claims against state of Ohio, municipality, or respective departments of health) *see also* RCFC 10(a). Ms. Burke brings claims against a laundry list of defendants, including Valley Vista Care of Idaho and its staff, Rehabilitative Health Services and its staff, the state of Idaho, and the Governor of Idaho. Because the named defendants are not the United States, the Court lacks subject-matter jurisdiction.

Further, Ms. Burke claims she suffered from "slander and attempted retaliation" in connection to the alleged Medicaid and Medicare fraud. (Compl. at 1, 3). The Court interprets Ms. Burke's Complaint to allege she suffered retaliatory slander. This Court cannot hear claims sounding in tort, 28 U.S.C. § 1491(a)(1), including slander. *Aldridge v. United States*, 67 Fed. Cl. 113, 120 (2005) ("Allegations involving slander sound in tort, and, therefore, this court does not have jurisdiction."). Accordingly, the Court lacks subject-matter jurisdiction.

Ms. Burke advances a host of other unavailing arguments, including that her claims stem from "human rights violations [and] constitutional rights violations[,]" and she suffered from "blackmail [and] entrapment." (Compl. at 1). When read liberally, the Court understands Ms. Burke to be implicating the Civil Rights Act. The Court lacks jurisdiction over Civil Rights Act claims. *Caravetta v. United States*, 122 F. App'x 992, 993 (Fed. Cir. 2004). Furthermore, Ms. Burke seems to be invoking the Due Process and Equal Protection clauses of the Fourteenth Amendment. (Compl. at 1; *see generally* Compl. Ex. 1.). The Fourteenth Amendment is not money-mandating and therefore not within the jurisdiction of this Court. *May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013) ("[T]he Equal Protection and Due Process Clauses of the Fourteenth Amendment do not mandate the payment of money by the government for violations."). Similarly, blackmail and entrapment are criminal claims, which this Court also lacks jurisdiction to adjudicate. *Mendes v. United States*, 88 Fed. Cl. 759 (2009) (citing *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)).

Accordingly, pursuant to RCFC 41(b), Ms. Burke's Complaint is **DISMISSED** for failure to either remit the appropriate filing fee or comply with IFP filing requirements. Further, the Court notes that it lacks subject-matter jurisdiction over Ms. Burke's claims. The Clerk **SHALL** enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith because Ms. Burke's claims are outside the jurisdiction of this Court and are frivolous.

Further, Ms. Burke is immediately **ENJOINED** from filing new complaints pro se in this Court without first obtaining leave to file from the Chief Judge due to the multitude of cases she filed, near simultaneously, with the Court. If she seeks to file a new Complaint in this Court, Ms. Burke shall submit a Motion for Leave to File that explains why the new Complaint is timely,

properly before this Court, and unrelated to any prior litigation previously pursued. Any motion for leave to file a new Complaint must also include as an attachment a full Complaint that satisfies the requirements of RCFC 8. In the event the Court grants a motion for leave to file a new Complaint, Ms. Burke will be required to pay the Court's full filing fee to proceed. Alternatively, Ms. Burke may file a new Complaint if the Complaint is signed and filed by an attorney who is duly licensed and authorized to practice law under the laws of at least one state or territory of the United States or the District of Columbia and is a member in good standing of the Bar of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge